UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

ZEV YOURMAN,

                    Plaintiff,                      **MEMORANDUM & ORDER**
                                                    24-CV-6787(EK)(CHK)

          -against-

BROOKLYN PUBLIC LIBRARY, NEW YORK
CITY POLICE DEPARTMENT, and P.O.
RUIZ,

                    Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Zev Yourman filed this action pursuant to 42 U.S.C. § 1983.  His application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted.  ECF No. 2.  For the reasons that follow, however, the complaint is dismissed.

## I.    Background

          The following factual allegations are drawn from the complaint and are presumed true for purposes of this order.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

          Plaintiff is proceeding *pro se*.  He alleges in a form complaint that on May 3, 2023, defendant Ruiz, a New York City Police Officer, "threw this plaintiff out of the library without just cause."  Compl. 5, ECF No. 1.  Apart from the location of the alleged incident — the Kings Highway branch of the Brooklyn Public Library ("BPL") — plaintiff does not plead any additional

factual content.  *See id.*

Relying on 42 U.S.C. § 1983, plaintiff alleges violations of the First and Fifth Amendments.  *Id.* at 4. Yourman seeks $3 million in damages.  *Id.* at 6.

## II.  Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.[1]  The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not take "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint will be liberally construed to raise the strongest claim it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Moreover, district courts will dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

### III. Discussion

Plaintiff brings this action pursuant to Section 1983, Rev. Stat. § 1979.  That statute establishes liability for persons acting "under color of any statute, ordinance regulation, custom, or usage, of any State" who deprive another of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  The statute "provides a method for vindicating federal rights elsewhere conferred."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

### A.    Brooklyn Public Library

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action."  *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005); *see also Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012).

Plaintiff does not allege that the BPL is a state actor or provide any allegations that suggests it is.  And it is not.  *See Widad v. Brooklyn Public Library*, No. 15-CV-4312, 2015 WL 7159796, at *4 (E.D.N.Y. Nov. 13, 2015) (collecting cases);

3

*see also Neptune v. Brooklyn Pub. Library*, No. 12-CV-5948, 2012 WL 6094140, at *2 (E.D.N.Y. Dec. 7, 2012) ("[T]he Brooklyn Public Library does not act under color of state law."). Therefore, the complaint is dismissed against the BPL.  Section 1915(e)(2)(B)(ii).

**B.    New York City Police Department**

Plaintiff's complaint against the New York City Police Department ("NYPD") is also dismissed, as the NYPD is not a suable entity.  Under Fed. R. Civ. P. 17(b)(3), federal courts look to state law to determine whether a municipal entity is amenable to suit.  Applicable here is Section 396 of the New York City Charter, which provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y.C. Charter § 396 ("Section 396").  The Second Circuit has held that provision "to mean that New York City departments," like the NYPD, "lack the capacity to be sued" as "distinct [entities] from the City itself."  *Ximines v. George Wingate High School*, 516 F.3d 156, 160 (2d. Cir. 2008) (per curiam).

Even if we were to construe this claim as against New York City, it would still be dismissed.  Municipal liability lies only when the "execution of [the municipality's own] policy

4

or custom" causes a constitutional injury.  *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978).  Plaintiff alleges no such custom or policy here.

Plaintiff's complaint against the NYPD is therefore dismissed for failure to state a claim.

## C.    Police Officer Ruiz

Plaintiff also sues Officer Ruiz, alleging that he "threw this plaintiff out of the library without just cause." Compl. 5.  To state a claim under Section 1983, a plaintiff must allege "a violation of a right secured by the Constitution or laws of the United States . . . ."  *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).  The complaint must set forth "sufficient factual content" and allege more than "legal conclusions."  *Iqbal*, 556 U.S. at 663.  As pled, the complaint alleges no specific constitutional right that was violated.  Nor does plaintiff allege the factual content necessary to support a claim that Ruiz violated a constitutional right.

## IV.   Warning In Respect of Filing Injunction

The Court notes that plaintiff has filed various actions in this district, several of which were dismissed *sua sponte* for failure to prosecute or under Section 1915.[2]  "If a

---

[2] Plaintiff has filed the following actions in this Court: *Yourman v. Maisel*, No. 14-CV-1551; *Yourman v. Verizon*, No. 20-CV-336; *Yourman v. NYS*, No. 22-CV-4880; *Yourman v. Wildlife Conservation Society*, No. 24-CV-0337

5

litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). Plaintiff is warned that this Court will not abide vexatious litigation. Further frivolous filings may result in the issuance of an order prohibiting plaintiff from any future lawsuits in this Court without first obtaining leave of the Court.

## V.    Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against the BPL and the NYPD for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims against defendant BPL are dismissed with prejudice because amendment of those claims would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, the Court grants plaintiff twenty-eight days from the entry of this order to replead his claims against defendants Ruiz and New York City. If plaintiff fails to file an amended complaint within the time allowed or cure the deficiencies discussed herein, the Court shall direct the Clerk of Court to enter judgment dismissing

---

(this action); *Yourman v. Columbia NY Presbyterian Hosp.*, No. 24-CV-3035 (transferred to SDNY); *Yourman v. New York City Police*, No. 24-CV-6786; *Yourman v. Brooklyn Public Library et al.*, No. 24-CV-6787. He has also filed several actions in the Southern District of New York: *Yourman v. Epstein, Becker, Green P.C. et al.*, No. 26-CV-00820 (filed in SDNY); *Yourman v. Metropolitan Transportation Authority et al.*, No. 20-CV-00779 (SDNY).

this case with prejudice.  **Plaintiff is advised that any amended complaint will completely replace the original complaint, that it must be captioned "Amended Complaint," and that it must bear the same docket number as this order: 24-CV-6787(EK)(CHK).**

No summons shall issue at this time and all further proceedings shall be stayed.  The Clerk of Court is directed to mail a copy of this order, along with a form complaint for violation of civil rights, to plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.



_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    April 13, 2026
          Brooklyn, New York

7